**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01265-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Elseddig Elmarioud Musa, | |
| Defendant. | |

Before the Court is Defendant Elseddig Elmarioud Musa's Petition to Expunge Convictions. (Doc. 233.) Defendant seeks to have his convictions expunged, arguing that the convictions are preventing him from finding suitable employment.

The Court has authority to expunge a conviction only for reasons authorized by Congress or through the Court's ancillary powers. *United States v. Summer,* 226 F.3d 1005, 1012-1014 (9th Cir. 2000). Defendant has identified no statute authorizing the Court to reopen his criminal case after the judgment has become final to expunge his conviction. The argument Defendant raises in his reply, that Title VII's prohibition against discrimination provides the authority for the Court to expunge a valid criminal judgment, is novel. However, Defendant has cited no language in any provision of Title VII or any other authority for the Court to expunge a valid criminal conviction.

Defendant makes a reasonable argument for equitable relief. He argues that expungement would improve his chances of finding employment equivalent to his level of

education but would not harm the Government. Expungement would not vacate his conviction. However, the Court's ancillary jurisdiction does not include the power to expunge a conviction for equitable reasons. *Summer*, 226 F.3d at 1014. That authority is limited to "expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.*

**IT IS ORDERED** that Defendant's Petition to Expunge Convictions (Doc. 233) is **DENIED**.

Dated this 3rd day of March, 2025.

Douglas L. Rayes
Senior United States District Judge